IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **GEORGE SIMS, JR.,** *et al.*, | : | |
| | : | |
| **Plaintiffs,** | : | **Case No. 2:21-cv-4210** |
| | : | |
| **v.** | : | **Chief Judge Algenon L. Marbley** |
| | : | |
| **INTERNAL REVENUE SERVICE,** | : | **Magistrate Judge Elizabeth P. Deavers** |
| | : | |
| **Defendants.** | : | |

<u>**OPINION & ORDER**</u>

This matter is before this Court on Defendant Internal Revenue Service's ("the IRS") Motion to Dismiss (ECF No. 12) the Complaint filed by Plaintiffs George Sims, Jr. and Cheryl Sims (ECF No. 3). For the reasons more fully stated below, the Court **GRANTS** Defendant's Motion**.**

## I.  BACKGROUND

Cheryl Sims has suffered from Stage IV pulmonary sarcoidosis, causing lung scarring, since 2003. (*Id.* at 4). Consequentially, Ms. Sims has been considered permanently disabled by the State of Ohio since 2006. (*Id.*). This condition causes her to suffer periodic flareups, which have occurred in cyclical fashion since 2012. (*Id.*). Ms. Sims's husband, George Sims, Jr., has served as her caretaker while also working as a full-time HVAC technician, during the period relevant to this litigation. (*Id*. at 3).

On May 22, 2019, Plaintiffs filed their income tax returns for the years of 2014-2017. (*Id.* at 3). In a letter dated August 21, 2019, the IRS informed Ms. Sims that, although the Sims's tax return indicates overpayment for the 2014 tax year, her refund was filed untimely and thus her refund claim in the amount of $2,896.00 for the 2014 tax year was barred. (*Id.* at 6). The IRS had

only provided the Plaintiffs an extension of time until October 15, 2015, to file their 2014 tax returns. (ECF No. 9 at 3). According to the letter, Plaintiff was not entitled to a refund because she did not submit her 2014 taxes until May 22, 2019, in contravention of the IRS's policy of only crediting or refunding an overpayment on a return if it was filed within 3 years of its due date. (ECF No. 3 at 6). The 2014 refund claim is the sole issue in this litigation. The letter also communicated that the recipient could demonstrate eligibility for "[e]xceptions that can extend the time to file a claim for refund," including "[f]inancial disability." (*Id.* at 7). Per the letter, the IRS describes "financial disability" as "the inability to manage financial affairs due to a medically-determined physical or mental impairment that could result in death or that lasts (or can be expected to last) continuously for at least twelve months." (*Id.* at 7–8). It then specifies that "[a] physician's written statement is required as proof of financial disability," and directs readers to Publication 556 for more information about the exception. (*Id.*).

On May 16, 2020, Plaintiffs transmitted an appeal to the IRS (*Id.* at 4), claiming that Ms. Sims demonstrated her eligibility for the financial disability exception under which the IRS "can extend the time to file a claim for refund" of overpayments (*Id.* at 7–8). Plaintiffs attached the following forms to their IRS appeal letter to support their claim: (1) "[s]igned medical records from Dr. James Klein [*sic*] attending physician (2003);" (2) "[f]act sheet on pulmonary fibrosis;" (3) "[d]isability [s]tatement (2006);" (4) "[d]ocumentation supporting behavioral [h]ealth records (2007-2009);" (5) "[o]bituary for Col. Alvin Taylor, Jr., Cheryl's father (June 2011);" (6) "[m]edical records for [e]mergency room visit (April 2018);" (7) "[m]edical records substantiating pulmonary fibrosis." (*Id.* at 5).

On August 20, 2021, George Sims, Jr. and Cheryl Sims, proceeding pro se, filed this tax refund case against the IRS following the IRS's denial of their tax refund claim for the 2014 tax

year on the grounds that the return was untimely filed under 26 U.S.C. § 6511. (ECF No. 3). Plaintiffs argued that they properly demonstrated Ms. Sims's eligibility for the financial disability exception entitling them to the tolling of the statute of limitations under 26 U.S.C. § 6511 on their 2014 refund claim. (*Id.*).

On February 2, 2022, the IRS filed its Motion to Dismiss. (ECF No. 9). In its motion, the IRS argued that the complaint should be dismissed based upon sovereign immunity given that a timely-filed refund claim—which Plaintiffs failed to produce—is a jurisdictional prerequisite for federal jurisdiction and the IRS's waiver of sovereign immunity under 26 U.S.C. § 7422(a).[1] (*Id.* at 4–5). Further, although 26 U.S.C. § 6511 provides for tolling of limitations for financial disability, the IRS argued that the statute authorizes the Secretary of Treasury to establish the "form and manner" in which a taxpayer is required to present evidence of financial disability tolling;" and Plaintiffs unquestionably "[f]ail[ed] to provide proof of financial disability in the required manner." (*Id.* at 7). Plaintiff filed a Memorandum in Opposition to Defendant's Motion to Dismiss (ECF No. 21), and in response, Defendant filed an Amended Reply Memorandum in Support of Motion to Dismiss on August 28, 2022 (ECF No. 22).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint for a failure to state a claim upon which relief can be granted. To survive a motion to dismiss, the plaintiff need allege "only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when

---

[1] As provided by the statute, "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." 26 U.S.C. § 7422(a).

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

And although "[w]hen there are well-pleaded factual allegations, a court should assume their veracity," the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678–79. Finally, "[t]he defendant has the burden of showing that the plaintiff has failed to state a claim for relief." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

The Court holds pro se complaints to less stringent standards than formal pleadings drafted by counsel; they are therefore liberally construed. *William v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton,* 391 F.3d 710, 712 (6th Cir. 2004)). Even considering the more lenient standards afforded pro se complaints, however, they must still meet the basic pleading essentials. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989).

## III.    LAW AND ANALYSIS

Under the principle of sovereign immunity, "the United States may not be sued without its consent, and the terms of this consent define the jurisdiction of the courts to entertain a suit against the Government." *Stocker v. United States,* 705 F.3d 225, 230 (6th Cir. 2013). 28 U.S.C. § 1346(a)(1) vests jurisdiction in the federal district courts to hear suits "against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected." *Id.* This governmental waiver of sovereign immunity has its limits, however; no such suit may be brought "until a claim for refund or credit has been duly filed with the Secretary [of the Treasury], according to the provisions of law in that regard." 26 U.S.C. § 7422(a).

As the Supreme Court has held, "unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund, regardless of whether the tax is alleged to

4

have been 'erroneously,' 'illegally,' or 'wrongfully collected,' may not be maintained in any court." *United States v. Dalm*, 494 U.S. 596, 602 (1990).

A refund claim is "duly filed" if it is filed within the limitations period provided for in 26 U.S.C § 6511(a):

> [A] [c]laim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the latter. Or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

Section 6511(h)(2)(A), however, allows for tolling of limitations in instances where the taxpayer "is unable to manage his financial affairs by reason of a medically determinable physical or mental impairment of the individual which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." Further, the provision proves that "[a]n individual shall not be considered to have an impairment unless proof of the existence thereof is furnished in such form and manner as the Secretary may require." 26 U.S.C. § 6511(h)(2)(A). Under IRS Revenue Procedure 99-21, the Secretary directs that the following "are to be submitted with a claim for credit or refund of tax to claim financial disability for purposes of § 6511(h):"

> (1) a written statement by a physician…that sets forth:
>
> > (a) the name and a description of the taxpayer's physical or mental impairment;
> >
> > (b) the physician's medical opinion that the physical or mental impairment prevented the taxpayer from managing the taxpayer's financial affairs;

(c) the physician's medical opinion that the physical or mental impairment was or can be expected to result in death, or that it has lasted (or can be expected to last) for a continuous period of not less than 12 months;

(d) to the best of the physician's knowledge, the specific time period during which the taxpayer was prevented by such physical or mental impairment from managing the taxpayer's financial affairs; and

(e) the following certification, signed by the physician:

I hereby certify that, to the best of my knowledge and belief, the above representations are true, correct, and complete.

(2) A written statement by the person signing the claim for credit or refund that no person, including the taxpayer's spouse, was authorized to act on behalf of the taxpayer in financial matters during the period described in paragraph (1)(d) of this section. Alternatively, if a person was authorized to act on behalf of the taxpayer in financial matters during any part of the period described in paragraph (1)(d), the beginning and ending dates of the period of time the person was so authorized.

26 CFR § 601.105 (Rev. Proc. 99-21). This is a very limited form of tolling, and pursuant to the provision, the Court "lack[s] any discretion to suspend the statute of limitations for a reason other than financial disability." *Redondo v. United States,* 542 F. App'x 908, 911 (Fed. Cir. 2013) (citing *United States v. Brockamp*, 519 U.S. 347, 350–54 (1997)). And where "[Plaintiff] has not established financial disability, the Court…[is] correct to dismiss his claim for lack of subject matter jurisdiction." *Id.*

The IRS contends in its Motion to Dismiss that the United States' waiver of sovereign immunity for tax refund cases requires, under 26 U.S.C. § 7422, that the taxpayer have presented a "duly filed" refund claim to the IRS before filing suit. Here, Plaintiffs did not file their 2014 tax returns until May 2019 despite being given an extension to November 2015 to file. (ECF No. 12 at 8). To take advantage of the financial disability tolling under § 6511(h)(2)(A), the IRS contends, filers must produce the documentation of proof required by the Secretary set forth in Revenue Procedure 99-21. (*Id.* at 7). The IRS asserts that Plaintiffs did not provide the IRS with either of

the two statements required under Revenue Procedure 99-21 to demonstrate financial disability; as such, "Plaintiffs cannot avail themselves of § 6511(h)." (*Id.* at 8).

Plaintiffs concede that Ms. Sims filed the 2014-2017 income taxes late. (ECF No. 3 at 3 (stating that "[i]n May 2019, I filed 2014-2017 income taxes in which I claimed a refund of income taxes paid.")). Plaintiffs thus do not dispute that the taxes were filed past the three-year statute of limitations period. *Id.* Plaintiffs contend, however, that the limitations of § 6511(b)(2)(A) should be tolled under § 6511(h) because Ms. Sims was "financially disabled." (ECF No. 21 at 1). Plaintiffs also presented several medical records in the form of a "compilation of several physical statements" to the Court in their Memorandum in Opposition to Defendant's Motion to Dismiss. (*See* ECF No. 21). Even assuming that these records would have demonstrated that Ms. Sims qualifies for the financial disability exception, however, Plaintiffs never alleged, nor does the record reflect, that they submitted the required documentation *to the IRS. See Abston v. Comm'r*, 691 F.3d 992, 995 (8th Cir. 2012) ("[t]he limited waiver of sovereign immunity in § 6511(h) does not grant district courts power to decide de novo that a taxpayer was financially disabled."). As in *Thorpe v. Dep't of the Treasury-Internal Revenue Serv.*, there is no indication here that Plaintiffs presented a financial disability tolling claim to the IRS in the first instance, given that Plaintiffs never produced the required documentation before the agency in full or in part. 2019 WL 1173024, at *4 (D.N.J. Mar. 12, 2019); *see Chan v. Commissioner*, 693 F. App'x 752, 756 (10th Cir. 2017) ("The district court cannot make a determination of financial disability if [the taxpayer] did not first provide the requisite proof to the IRS."). Consequently, given that 26 U.S.C. § 7422(a) requires the timely filing of a "claim for refund or credit" for a "suit or proceeding [to] be maintained in any court for the recovery of an internal revenue tax," this Court's finding that

Plaintiffs failed to file their taxes timely or to present a financial disability tolling claim warrants dismissal of this suit due to lack of subject matter jurisdiction.

### IV. CONCLUSION.

For the foregoing reasons, the Court hereby **GRANTS** the Defendants' Motion to Dismiss (ECF No. 12) for lack of subject matter jurisdiction. Consequently, Plaintiffs' Complaint (ECF No. 3) is **DISMISSED**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATE: September 27, 2022**